NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Robert Jacobsen and Carol Jacobsen,

        Plaintiffs,

v.

Citi (Bank) Mortgage Arizona / New Jersey,

        Defendant.

Civ. No. 13-6914

**OPINION**

THOMPSON, U.S.D.J.

    This matter appears before the Court on the Motion to Dismiss of Defendant CitiMortgage, Inc. (hereinafter, "Defendant"). (Doc. No. 5).[1] The Court has issued the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will grant Defendant's motion. (Doc. No. 5).

BACKGROUND

    Defendant currently services two mortgage loans issued to Robert and Carol Jacobsen (collectively, "Plaintiffs"). One mortgage loan is for a property in New Jersey, and the other mortgage loan is for a property in Arizona. Plaintiffs bring the present suit, *pro se*, apparently claiming entitlement to modifications for the two loans due to the fact that the two properties are now less in value than when the loans were first issued.

    While the Complaint does not label the facts or the causes of action, Plaintiffs appear to allege that Defendants were required to "consider Superstorm Sandy damages

---

[1] Defendant is improperly named "Citi (Bank) Mortgage Arizona / New Jersey" in the complaint.

1

and to adjust [the] existing pre-2009 mortgage in which real property is below its mortgage debt." (Doc. No. 1, 1). Plaintiffs argue that Defendant's refusal to modify the mortgage "ignored the banking [and] FEMA guidelines as well as the NJ Banking Commissions [sic]." (*Id*.). Based on a review of the attached letters, it appears that on July 5, 2013 Defendant denied Plaintiffs' request to modify the loan for the New Jersey property on the grounds that the property had been condemned or was uninhabitable. (Doc. No. 1, Ex. B). On August 20, 2013, Defendant also denied a request to modify the loan on the Arizona property because Plaintiffs were not then at risk of default. *(Id.)*. Finally, Plaintiffs' request to modify the loan under the Home Affordable Modification Program was denied because Plaintiffs failed to send in all required documentation. (*Id.*). In a letter apparently sent to Defendant, and attached to the Complaint, Plaintiffs state that they have "legal entitlement" to loan modifications and a reduction of the principal. (*Id.*). Plaintiffs provide no further elaboration as to the facts or legal claims.

## DISCUSSION

1. Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the

2

complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id*. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. 678-79).

2. Analysis

Under Federal Rule of Civil Procedure 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This requirement "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009)(citations omitted).

"Although a pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not suffice, a complaint that fails to clearly identify the cause of action asserted in each count is equally deficient." *RD Funding, LLC v. Barry A. Cohen, P.A*., No. 13-77, 2013 U.S. Dist. LEXIS 110875, at * 14 (D.N.J. Aug. 7, 2012). "Neither the Court nor Defendants should be required to guess which particular claims are being asserted and/or to sift through a tome of allegations to piece together those claims." *Id*. This requirement applies to *pro se* plaintiffs as well. *See Brown v. First Premier Bank*, No. 12-7697, 2013 U.S. Dist. LEXIS 31548, at * 4-5 (D.N.J. Mar. 6, 2013)(dismissing *pro se* plaintiff's complaint for failure to articulate specific cause of action).

3

Here, Plaintiffs' complaint is largely incomprehensible and only points to vague notions of "legal entitlement." Without a more specific articulation of the cause of action and a more detailed set of allegations to support Plaintiffs' cause, the Court would be forced to "guess" which claims are being asserted. *See RD Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 U.S. Dist. LEXIS 110875, at * 14 (D.N.J. Aug. 7, 2012). Mindful of Plaintiffs' *pro se* status, the Court will dismiss the case without prejudice.

## CONCLUSION

For the above reasons, Defendant's motion to dismiss is granted and the claims are dismissed without prejudice.


*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.

Dated:2/7/14